MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Shadale L. Williams,

Plaintiff,

vs.

Captain H. Tyson, et al.,

Defendants.

No. CV 1-07-1189-ROS

**ORDER**

Plaintiff Shadale L. Williams, who is confined in the Richard J. Donovan Correctional Facility in San Diego, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). This case was reassigned to the undersigned judge on November 24, 2008.

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

. . . .

JDDL

## II. Complaint

In his Complaint, Plaintiff claims Defendants Captain H. Tyson, Sergeant J. Harden, and Correctional Officers M. Lozano, S. Lopez, and C. Breckner violated his First, Fourth, Eighth, and Fourteenth Amendment rights. He claims he was subjected to excessive force, was retaliated against, was denied access to the courts, and suffered a property loss. He also claims that some Defendants failed to intervene to prevent or stop the excessive force, were deliberately indifferent to his medical needs, and failed to supervise or train subordinates.

Plaintiff alleges that he has authorization for a diabetic diet, but Defendant Lozano would not allow Plaintiff to leave the dining hall with extra food, despite being aware of Plaintiff's diabetic diet. Plaintiff contends that when he asserted his right to his diabetic diet, Defendant Lozano attacked Plaintiff with pepper spray and, after Plaintiff was handcuffed and lay prone on the ground, Defendant Lozano continued to pepper spray and kick Plaintiff and yelled "What's going to become of your civil suits now? . . . See if you get your diabetic meals from the hole . . . !" Plaintiff contends that, as a result of the attack, he suffered physical injuries, was unable to eat, and suffered mental and emotional distress and anguish. Plaintiff also alleges that Defendants Lopez and Beckner "neither 'informed nor assisted'" Defendant Lozano regarding Plaintiff's diet and did not prevent Defendant Lozano's attack.

Plaintiff contends that Defendants Tyson and Harden are responsible for failing to adequately train, control and supervise Defendants Lozano, Lopez, and Breckner because, despite their personal knowledge of prior complaints against Defendant Lozano, they "allow[ed] Defendant Lozano to continually, 'unlawfully assault prisoners'" and allowed Defendant Lozano's conduct "to go 'unchecked.'" Plaintiff also alleges that Defendants Tyson and Harden maintained an "underground policy" of "spray first! Ask questions lat[]er."

Plaintiff also claims that, when he was taken to segregation after the pepper spray incident, Defendants Lozano and Breckner packed up Plaintiff's personal property. Plaintiff contends that included in his "missing or d[e]stroyed" property were legal files relating to two active Ninth Circuit cases. Plaintiff alleges that he was unable to respond in those cases

because of the destruction of his legal files and evidence and, therefore, the two cases were "defaulted."

Plaintiff demands a jury trial and seeks monetary damages and attorney's fees.

## III. Failure to State a Claim

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

### A. Failure to Intervene

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982). In other words, "a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim for failure to intervene, Plaintiff must allege that Defendants Lopez and Breckner knew that Defendant Lozano was using excessive force and that they had a reasonable opportunity to prevent the harm. See Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994). Plaintiff does not allege that these Defendants had a realistic opportunity to prevent the use of force by Defendant Lozano. Thus, Plaintiff has failed to state a "failure to intervene" claim against Defendants Lopez and Breckner, and the Court will dismiss without prejudice Plaintiff's failure to intervene claim against them.

### B. Deliberate Indifference - Medical

To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096.

To the extent Plaintiff is attempting to allege an Eighth Amendment deliberate indifference claim against Defendant Lozano because Defendant Lozano interfered with Plaintiff's diabetic diet requirements, Plaintiff has failed to state a claim. Although Plaintiff may be able to demonstrate that Defendant Lozano intentionally interfered with Plaintiff's diabetic diet, Plaintiff has failed to allege any harm caused by the interference. Any harm that arose was the result of the alleged excessive force, not the interference with the diabetic diet. Therefore, the Court will dismiss without prejudice Plaintiff's medical deliberate indifference claim against Defendant Lozano.

**C. Loss of Property**

A state employee who intentionally and without authorization deprives a person of his property does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984).

To the extent Plaintiff seeks damages pursuant to the Fourteenth Amendment based on Defendant Lozano and Breckner's loss or destruction of Plaintiff's property, he has failed to state a claim because California law provides inmates with an adequate post-deprivation remedy for property loss. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Therefore, the Court will dismiss without prejudice Plaintiff's loss of property claim against Defendants Lozano and Breckner.

## IV. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated the following claims:

1) an Eighth Amendment excessive force claim against Defendant Lozano,
2) a First Amendment retaliation claim against Defendant Lozano,
3) a First Amendment denial-of-access claim against Defendants Lozano and Breckner, and
4) an Eighth Amendment deliberate indifference claim against Defendants Tyson and Harden.

The Court will require Defendants Tyson, Harden, Lozano, and Breckner to answer these claims.

JDDL

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendant Lopez is **dismissed** without prejudice. Plaintiff's failure to intervene, medical deliberate indifference, and loss of property claims are **dismissed** without prejudice.

(2) Defendants Tyson, Harden, Lozano, and Breckner must answer the excessive force, retaliation, denial of access, and deliberate indifference claims identified in Section IV of this Order.

(3) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Tyson, Harden, Lozano, and Breckner.

(4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 19th day of February, 2009.

Roslyn O. Silver
United States District Judge